UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS RUCHERT and CHERYL RUCHERT a/k/a/ CHERYL YOUNG, husband and wife,<br><br>     Plaintiffs,<br><br>      v.<br><br>JOHN PETE WILLIAMSON and JANE DOE WILLIAMSON, husband and wife; NEZ PERCE TRIBAL POLICE; and NEZ PERCE TRIBE,<br><br>     Defendants. | Case No. 3:16-cv-00413-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. 7). The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion and dismiss Plaintiffs' claims.

**BACKGROUND**

This negligence action arises from a motor vehicle collision on March 27, 2014, involving Plaintiffs Dennis Ruchert and Cheryl Ruchert and Defendant John Pete Williamson, an employee of the Nez Perce Tribal Police Department. On March 8, 2016, Plaintiffs filed suit in state court, alleging that the collision was caused by Williamson's

negligence and seeking damages for personal injuries and property damage. Defendants had the action removed to this Court on September 14, 2016. *See* Dkt. 3-2.

Soon thereafter, the United States filed the present Motion to Dismiss for lack of subject matter jurisdiction. Dkt. 7. The United States Attorney for the District of Idaho, on behalf of the Attorney General, filed a certification pursuant to 28 U.S.C. § 2679(d)(1) stating that Williamson was acting within the scope of his employment with the Nez Perce Tribal Police Department at the time of the accident. *See Certification of United States Attorney Wendy J. Olson* at 2, Dkt. 7-2. The certification also attests that Defendants Williamson, Nez Perce Tribal Police, and Nez Perce Tribe were performing authorized functions under the tribe's funding contract with the Bureau of Indian Affairs pursuant to the Indian Self Determination and Education Assistance Act ("ISDEAA"), Pub. L. 101–512 § 314, 25 U.S.C. § 450f. Accordingly, the United States argues that it must be substituted as the sole named defendant in this action and that Plaintiffs' exclusive remedy lies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679. Because Plaintiffs failed to file an administrative tort claim with Williamson's employing agency prior to filing suit, as required by the FTCA, the United States argues that this court lacks subject matter jurisdiction to hear their claims.

## LEGAL STANDARD

### 1.    Overview of Federal Tort Claims Act

The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680, waives the United States' sovereign immunity for "certain torts of federal employees acting within the scope

of their employment." *See United States v. Orleans,* 425 U.S. 807, 814 (1976) (citing 28

U.S.C. § 1346(b)(1). As defined in the FTCA, an "employee of the government" includes

(1) "officers or employees of any federal agency . . . and persons acting on behalf of a

federal agency in an official capacity, temporarily or permanently in the service of the

United States, whether with or without compensation." 28 U.S.C. § 2671.

Employees of a tribe or tribal organization may be deemed "federal employees"

for purposes of the FTCA when acting pursuant to a contract authorized by the Indian

Self–Determination and Education Assistance Act of 1975 ("ISDEAA"). *See* Pub. L.

101–512, 25 U.S.C. § 450f.  The ISDEAA created a system by which tribes could take

over the administration of programs or services to Indian populations that otherwise

would be provided by the Federal government. *See Los Coyotes Band of Cahuilla &*

*Cupeño Indians v. Jewell*, 729 F.3d 1025, 1033 (9th Cir. 2013).  Congress extended the

FTCA's waiver of sovereign immunity to claims "resulting from the performance of

functions" under ISDEAA "contract[s], grant agreement[s], or cooperative

agreement[s]." 25 U.S.C. § 450f. However, this waiver of sovereign immunity is limited:

> [A]n Indian tribe, tribal organization or Indian contractor is deemed hereafter to be
> part of the Bureau of Indian Affairs . . . while carrying out any such contract or
> agreement and its employees are deemed employees of the Bureau . . . while
> acting within the scope of their employment in carrying out the contract or
> agreement.

*Id.*

The FTCA empowers the Attorney General to certify that a federal employee sued

for wrongful or negligent conduct "was acting within the scope of his office or

employment at the time of the incident out of which the claim arose." § 2679(d)(1). Upon such certification, the action "shall be deemed an action against the United States under the provisions of [the FTCA], and the United States shall be substituted as the party defendant." *Id.*; *see also Walker v. Chugachmiut*, 46 F. App'x 421, 424 (9th Cir. 2002) (citation omitted) ("Once certification is given in a civil action, the [FTCA] mandates . . . substitution of the United States as the defendant."). "The Attorney General's decision regarding scope of employment certification is conclusive unless challenged." *See Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (citing 28 U.S.C. § 2679(d)(1)–(4)).

## ANALYSIS

### 1.      Application of the Federal Tort Claims Act

The United States Attorney for the District of Idaho certified, on behalf of the Attorney General, that Defendant John Williamson was acting within the course and scope of his employment with the Nez Perce Tribal Police Department during the relevant time period. *See* Certification of United States Attorney Wendy J. Olson, Dkt. 7-2. The U.S. Attorney also certified that Defendants Williamson, Nez Perce Tribal Police, and Nez Perce Tribe were performing authorized functions under the Nez Perce Tribe's ISDEAA contract with the Bureau of Indian Affairs. *Id.*  Plaintiffs have not challenged this certification. Accordingly, their Complaint must "be deemed an action against the United States under the provisions of [the FTCA] . . . ." 28 U.S.C. § 2679(d)(1).

### 2.      FTCA's Administrative Exhaustion Requirement

The FTCA requires a claimant to present an administrative claim to the

appropriate federal agency before filing an action in federal court. 28 U.S.C. § 2675(a). A court action cannot be instituted until the agency has either: (1) made a final denial in writing, or (2) failed to act within six-months after the administrative claim is filed. *Id.* Exhaustion of this administrative proceeding is a jurisdictional prerequisite. *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974).

Because Plaintiffs did not timely present their claims to the Department of Interior or to the Bureau of Indian Affairs, they have failed to exhaust their administrative remedies and cannot establish that subject matter jurisdiction is proper. Therefore, Plaintiffs' claims must be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1).

Plaintiffs urge the Court to stay this case until they have satisfied the FTCA's administrative exhaustion requirement. Because exhaustion is a jurisdictional prerequisite, a stay is improper. Once a district court determines that it lacks jurisdiction, the only appropriate action is dismissal. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

This position is supported by FTCA case law. In *McNeil v. United States*, 508 U.S. 106 (1993), for example, the Supreme Court held that a prematurely filed FTCA claim must be dismissed even if the plaintiff ultimately exhausts his administrative remedies during the pendency of litigation. *Id.* at 111–12. The Court added:

> Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may

be slight in an individual case, the statute governs the processing of a vast multitude of claims.

*Id.* at 112 (footnote omitted); *see also Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) ("Since the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until" the FTCA exhaustion requirement had been met); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (concluding that a prematurely-filed FTCA claim must be dismissed and adding that staying or holding a case in abeyance would only increase court congestion, spur unnecessary litigation, and slow down the judicial process). Accordingly, the Court will deny Plaintiffs' request to stay this litigation.

## ORDER

**IT IS ORDERED:**

1.     Defendants' Motion to Dismiss (Dkt. 7) is **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE**.

2.     A separate judgment will issue in accordance with Fed. R. Civ. P. 58.

DATED: July 21, 2017

B. Lynn Winmill
Chief Judge
United States District Court